FILED
 2014 Oct-23 PM 01:36
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN JERROD COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-8014-LSC |
| | ) | (1:10-cr-00224-LSC-TMP-1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

MEMORANDUM OF OPINION

I. Introduction

This is a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, filed by Petitioner, Justin Jerrod Cole, on March 31, 2014. (Doc. 2.) Petitioner challenges his sentence of 130-months imprisonment imposed on convictions of conspiracy to commit bank robbery, armed bank robbery, and brandishing a firearm during and in relation to a crime of violence. The government has responded to Petitioner's claims. (Doc. 6.) The Court issued an order notifying Petitioner that the case appeared ripe for summary disposition and of his right to file additional affidavits or other materials to show why the motion should not be summarily denied or dismissed on the basis of the response by the Government. (Doc. 7). Petitioner filed

nothing further.  Pursuant to § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court has conducted a review of Petitioner's filing and determines that the § 2255 motion is due to be denied as untimely filed.

II.     Background

On June 30, 2010, Petitioner was charged by indictment of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count 1); armed bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 2); and use or carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).

Pursuant to a written plea agreement, Petitioner entered a plea of guilty as to all counts on August 30, 2010.  The guilty plea included a waiver of the right to appeal and to file post-conviction proceedings.

Petitioner was sentenced on April 25, 2011, to a term of imprisonment for 130 months: 46 months as to Counts 1 and 2 to run concurrently and 84 months as to Count 3 to run consecutively.

Judgment was entered on May 2, 2011. Petitioner did not appeal his conviction and sentence. On March 31, 2014, he filed the instant motion.

III.    Discussion

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts allows a court to dismiss summarily a habeas corpus petition when it plainly appears from the face of the petition and the prior proceedings in the case that the petitioner is not entitled to the relief he seeks. Petitioner's motion is untimely. The one-year limitations period for filing § 2255 motions is triggered upon the latest of four dates set forth in 28 U.S.C. § 2255(f).[1] Petitioner filed his motion well over one year after the date on which the judgment of his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Because Petitioner did not appeal, the one-year statute of

---

[1] That statute states, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitations period shall run from the latest of---
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

limitations began to run fourteen days after judgment was entered on May 2, 2011. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Petitioner did not file the instant motion until March 31, 2014.

Nonetheless, Petitioner maintains that his appeal is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013). Section 2255(f)(3) provides that the limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, "*Alleyne* does not apply retroactively on collateral review." *Jeanty v. Warden*, 757 F.3d 1283, 1285 (11th Cir. 2014). Thus, because *Alleyne* is not retroactively applicable to cases on collateral review, Petitioner's motion to vacate his sentence, although filed within one year of that decision, is not timely under 28 U.S.C. § 2255(f)(3).[2]

IV.  Conclusion

For the foregoing reasons, the petitioner's § 2255 motion is due to be dismissed. An appropriate order will be entered.

---

[2] Petitioner has nowhere asserted that the statute of limitations should be equitably tolled.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

Done this 23rd day of October 2014.

_____
L. Scott Coogler
United States District Judge
[160704]